# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| BLUEWAVE BOAT RENTALS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-cv-01043-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DAVID A. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant David A. Collins's ("Collins") motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") because plaintiff Bluewave Boat Rentals Ltd. ("Bluewave") has failed to state a claim for which relief may be granted. Def.'s Mot. 1. For the reasons set forth below, the court denies Collins's motion.

## I. BACKGROUND

The instant dispute arises out of a breach of contract action that plaintiff Bluewave Boat Rentals Ltd. ("Bluewave"), a Bahamian limited liability company, filed against defendant David A. Collins ("Collins"), a resident of Charleston County, South Carolina. Compl. ¶ 1–2. On January 14, 2016, the Common Law and Equity Division of the Supreme Court of the Commonwealth of the Bahamas in Nassau, Commonwealth of the Bahamas ("Bahamian court") issued a default judgment against Collins in the amount of $84,366.04 Bahamian Dollars[1] for the breach of contract claim. Id. ¶ 5, Ex. A, Ex. B.

---

[1] The exchange rate between the Bahamian Dollar and the U.S. Dollar is on a one-to-one basis, so the money judgment is for $84,366.04 USD.

1

On April 4, 2016, Bluewave filed the present action against Collins for the collection of the Bahamian court's default judgment. Compl. ¶ 5–6. A provision in the contract between Bluewave and Collins states that the renter of the boat will be "responsible for any legal costs or expenses connected with the collection of any debts incurred by any damage to boat or expenses incurred thereof during the time I have it rented," id., Ex. B, so Bluewave also asks for the legal fees involved in bringing this action. Id. ¶ 9. Bluewave argues that South Carolina should recognize and enforce the Bahamian court's money judgment against Collins under the traditional principles of international comity as "understood and applied by the courts of the United States and the State of South Carolina." Id. ¶ 5–6.

Collins filed the present motion to dismiss for failure to state a claim upon which relief can be granted on May 23, 2016. Bluewave filed a response on June 23, 2016, to which Collins replied on July 12, 2016. The motion has been fully briefed and is now ripe for the court's review.

## II.   STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) [] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   DISCUSSION

Collins brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, alleging that Bluewave's complaint does not meet the pleading standard in Iqbal, Twombly, and their progeny. Although difficult to decipher, the substantive legal argument behind Collins's 12(b)(6) motion appears to be that this court cannot grant the relief that Bluewave asks for—the $84,366.04 money judgment issued by the Bahamian court and the legal fees associated with bringing this action. However, as explained below, there are cases from this court and other circuits as well as a South Carolina Attorney General's opinion that

support the conclusion that South Carolina courts should apply principles of comity to enforce the judgments of foreign courts against South Carolina residents. Because the complaint states a claim to relief that is "plausible on its face," which is all that is required to survive a motion to dismiss, this court denies plaintiff's motion.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a 12(b)(6) motion, a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the "speculative level." Monroe v. City of Charlottesville, 579 F .3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)).

Collins argues that "[e]ach and every allegation of the complaint in this matter is conclusory. There is not one fact alleged in the complaint that would entitle it to 'relief', i.e. support the judgment of the Bahamian court, the original jurisdiction thereof, or the original jurisdiction of this Court." Def.'s Mot. 2. However, Collins does not offer any substantive legal arguments to support why the complaint is conclusory. A review of the complaint demonstrates that Bluewave has, in fact, articulated a cognizable basis for relief against Collins.

Bluewave argues that South Carolina should recognize and enforce the money judgment of the Bahamian court against Collins. Compl. ¶ 5, Ex. A. The first exhibit attached to the complaint is a certified copy of the January 14, 2016 default judgment issued by the Bahamian court, which states that Collins must pay Bluewave "the sum of $84,366.04." Id. This exhibit supports Bluewave's assertion that the Bahamian court issued a judgment against Collins. The second exhibit is a copy of the contract between

4

Bluewave and Collins, and includes a provision that the renter of the boat will be "responsible for any legal costs or expenses connected with the collection of any debts incurred by any damage to the boat or expenses incurred thereof during the time I have it rented." Id., Ex. B.  This language supports Bluewave's argument that the contract binds Collins to pay any legal costs and expenses associated with enforcing the judgment.

Finally, Bluewave asserts that the "[j]udgment rendered in the Commonwealth of the Bahamas is entitled to recognition and enforcement pursuant to traditional principles of international comity as understood and applied by the courts of the United States and the State of South Carolina." Compl. ¶ 6.  International comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." Hilton v. Guyot, 159 U.S. 113, 164 (1895).  In Hilton, the Supreme Court held that courts should recognize and enforce the judgment of a foreign court if (1) the foreign court had personal and subject matter jurisdiction; (2) the defendant in the foreign action had adequate notice and opportunity to be heard; (3) the judgment was not obtained by fraud; and (4) enforcement will not contravene important public policy. S.C. Nat. Bank v. Westpac Banking Corp., 678 F. Supp. 596, 598 (D.S.C. 1987) (summarizing the Hilton test and how subsequent American courts have applied it).  All of these factors appear to have been met here.

Two District of South Carolina decisions and a 1939 South Carolina Attorney General's opinion address how South Carolina courts should enforce judgments rendered by foreign countries against a South Carolina resident.  In South Carolina National Bank

5

v. Westpac Banking Corp., the District of South Carolina held that a declaratory judgment issued by an Australian court was enforceable against a bank in South Carolina. S.C. Nat. Bank, 678 F.Supp. at 598.  The South Carolina National Bank court enforced the Australian court's judgment under the assumption that "South Carolina would adopt the principles of comity generally applied by courts in this country to determine the effect of foreign judgments." Id. at 597.  To support its conclusion that South Carolina courts should apply comity principles, the court cites a 1939 South Carolina Attorney General's opinion that "the Courts of this State would accept a judgment of a Court of Denmark as conclusive upon the merits of the case tried in such Court, but would reserve the right to inquire into the jurisdiction of the Court rendering judgment." Id. at 597 (citing 39 Op. S.C. Att'y Gen. 211 (1939)).  In 2014, another court in this district relied on South Carolina National Bank in Raymond Chabot Inc. v. Serge Cote Family Trust & Pub. Storage, No. 6:14-cv-03392, 2014 WL 4198831, at *3 (D.S.C. Aug. 22, 2014) in holding that the judgment of a Canadian court was "entitled to recognition and enforcement in this district according to the long-standing principles of comity."

Courts outside of South Carolina have also adopted principles of comity in enforcing the judgments of foreign courts.  In Canadian Imperial Bank of Commerce v. Saxony Carpet Co., 899 F.Supp. 1248, 1252 (S.D.N.Y. 1995) aff'd, 104 F.3d 352 (2d Cir. 1996), the Southern District of New York enforced a Canadian judgment, stating that a foreign judgment will be enforced as "conclusive between the parties to the extent that it grants or denies recovery of a sum of money."  Here, the Bahamian court's judgment is for exactly that, the recovery of a sum of money.  Under Canadian Imperial Bank of Commerce, this court should accept the Bahamian court's judgment as conclusive.

Furthermore, in Clarkson Co., Ltd. v. Shaheen, 544 F.2d 624, 630 (2d Cir. 1976), the Second Circuit found it persuasive that the alien jurisdiction was a "sister common law jurisdiction with procedures akin to our own" in applying the doctrine of comity to recognize the statutory title of a Canadian trustee in bankruptcy. The Bahamas, like the United States, has patterned its legal system after English common law. In line with Clarkson Co., the shared common law tradition of the United States and the Bahamas also weighs in favor of this court applying comity principles.

It is true that the Hilton test, the two District of South Carolina cases, and the 1939 South Carolina Attorney General's opinion address recognition of a foreign court's jurisdiction where there was a trial on the merits, while here the Bahamian court entered a default judgment against Collins. However, this distinction does not render Bluewave's complaint so deficient that it fails the well-pleaded complaint rule of Iqbal and Twombly. While there are not enough decisions to irrefutably conclude how this court should enforce the Bahamian court's default judgment, there is certainly enough guidance to allow this court to recognize and enforce the judgment.

Keeping in mind that a Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove "no set of facts that would support his claim and would entitle him to relief," Mylan Labs., 7 F.3d at 1134, Bluewave's complaint states a claim to relief that is "plausible on its face." Ashcroft, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). That is all that is required to survive a motion to dismiss.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** defendant's motion to dismiss.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 3, 2016**
**Charleston, South Carolina**

8